IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

**STATE OF TENNESSEE v. TIMOTHY RAY AZBILL**

**Direct Appeal from the Circuit Court for Decatur County**
**No. 06-CR-253     C. Creed McGinley, Judge**

---

**No. W2008-01884-CCA-R3-CD  - Filed August 13, 2009**

---

The defendant, Timothy Ray Azbill, was convicted of aggravated burglary, rape of a child, and especially aggravated kidnapping.  For his conviction of aggravated burglary, the defendant was sentenced as a Range II, multiple offender to eight years in the Tennessee Department of Correction. For his convictions of rape of a child and especially aggravated kidnapping, the defendant was sentenced as a Range I, violent offender to twenty-five years for each conviction.  The court ordered that the sentences were to run concurrently but consecutively to the sentence on a prior conviction. On direct appeal, this court affirmed the defendant's convictions, but determined that the trial court had erroneously begun at the midpoint of the statutory range and remanded the case for resentencing for rape of a child and especially aggravated kidnapping.  On remand, the trial court again sentenced the defendant to twenty-five years for each conviction.  On appeal, the defendant asserts that the trial court erred by failing to consider mitigating evidence offered by the defendant and summarily imposed the sentences.  After a thorough review of the record and the parties' briefs, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Alan E. Glenn, JJ., joined.

Guy T. Wilkerson, District Public Defender (at trial and on appeal), Camden, Tennessee, for the appellant, Timothy Ray Azbill.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Robert Radford, District Attorney General; and Eddie N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

We discern the relevant factual history from our opinion on direct appeal.  *State v. Timothy Ray Azbill,* No. W2007-00086-CCA-R3-CD, 2007 WL 4355472 (Tenn. Crim. App., at Jackson, Dec. 12, 2007), *perm. app. denied* (Tenn. May 5, 2008).  The evidence presented at the defendant's trial

established that the defendant entered the home of M.L.,[1] the minor victim, without permission and took her from her home, shoved her in his vehicle, and drove to a nearby church. *Id.* at *1. According to the testimony of M.L., the defendant "punched her in the jaw and attempted to strangle her." *Id.* He also held a screwdriver to her throat and threaten to kill her and her mother if she told anyone about the incident. *Id.* M.L. stated that the defendant made her take her clothes off and sit on top of him, and that he "place[d] something" inside her body. *Id.* On direct appeal, the defendant challenged the sufficiency of the evidence supporting his convictions of aggravated burglary, rape of a child, and especially aggravated kidnapping and the trial court's application of sentencing enhancement factors. *Id.* at *1. This court concluded that the defendant's issues were without merit and affirmed the convictions. However, this court further concluded that in sentencing the defendant for rape of a child and especially aggravated kidnapping, the trial court erred in beginning at the mid-point of the statutory range. The case was remanded for resentencing as to those convictions. *Id.* at *7.

At a resentencing hearing, Shirley Hensley, the defendant's mother, testified that the defendant continuously grew his hair and donated it to Locks of Love, a charitable organization for the benefit of cancer patients. She claimed that the defendant was raised in an alcoholic, abusive home and stated that he was beaten by her former husband. Ms. Hensley stated, "If my son is in his right mind . . .he would never harm a woman or a kid." On cross-examination, Ms. Hensley acknowledged that the defendant had been in trouble since the 1990's and that he had been incarcerated in several state penitentiaries.

Crissy Fuller, the defendant's sister, testified that the defendant had a protective attitude toward children. She believed that his protective attitude was a consequence of growing up in an abusive home. Ms. Fuller recounted several incidents that she thought demonstrated the defendant's protective attitude including one incident involving the defendant's confrontation of a woman who slapped her child.

The defendant testified that he "only had one violent charge in [his] whole life . . .besides these charges here." He asked the court for mercy and stated, "I would never hurt anybody unless they were trying to hurt me." On cross-examination, that state impeached the testimony of the defendant with regard to his statement that he only had one charge involving violence. The defendant admitted that in 2003, he was charged with attempted rape and was convicted of breaking and entering. He also agreed that in 2002, he was charged with aggravated assault and felony escape and convicted of felony escape. The defendant admitted that in 2002, he had been charged with assault and that the charge involved violence. He agreed that in 2001, he was charged with aggravated assault. In 1997, the defendant was convicted of assault and battery in Oklahoma and sentenced to ten years in prison. The trial court again sentenced the defendant as a Range I, violent offender to the maximum time within the applicable range, twenty-five years. The defendant has appealed.

---

[1] M.L. was eleven years old at the time of the offense. It is our policy to refer to minor victims by their initials.

Analysis
Length of Sentence

On appeal, the defendant challenges the length of his sentences for his convictions of rape of a child and especially aggravated kidnapping. The defendant asserts that the trial court erred in sentencing him to twenty-five years, the same sentence previously ordered. He argues that the trial court made "no mention of the fact that the defendant shows some regard for society and has some redeeming quality as evidenced by the fact he donates his hair to cancer victims[.]" The defendant acknowledges that his upbringing in an abusive home does not excuse his actions, but asserts that the trial court "seemed to summarily dismiss that family testimony without comment."

When a defendant challenges the length and manner of service of a sentence, this court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401. This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts. We will uphold the sentence imposed by the trial court if (1) the sentence complies with our sentencing statutes, and (2) the trial court's findings are adequately supported by the record. *See State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-210(f).

Rape of a child and especially aggravated kidnapping are Class A felonies. Tenn. Code Ann. §§ 39-13-522(b) and 39-13-305(b)(1). The sentence range for a standard offender convicted of a Class A felony is fifteen to twenty-five years. *Id*. § 40-35-112(a)(1). Therefore, the applicable sentencing range for the defendant was fifteen to twenty-five years for each conviction at issue. On appeal, the defendant has the burden of illustrating that the sentence imposed by the trial court is erroneous.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). Enhancement factors may be considered only if they are "appropriate for the offense" and "not already an essential element of the offense." Tenn. Code Ann. § 40-35-114.

Prior to the 2005 amendments to the 1989 Sentencing Act, in sentencing a defendant, a court was to begin at the mid-point of the statutory range and then apply the appropriate enhancement and mitigating factors. Pursuant to the 2005 amendments, which are applicable to sentencing the

defendant on an offense occurring on October, 26, 2005, our Sentencing Act has abandoned the statutory minimum sentence and renders enhancement and mitigating factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -35-210(c). The 2005 amendments set forth certain "advisory sentencing guidelines" which the trial court is required to consider but is not bound by. *See* Tenn. Code Ann. § 40-35-210(c). Although the application of factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114." *Id*. § 40-35-210(b)(5). The trial court is also required to place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing." *Id*. § 40-35-210(d).

At the resentencing hearing, the trial court acknowledged its previous error in beginning at the midpoint of the sentencing range. The court then applied the same enhancement factors that it applied in originally sentencing the defendant: the defendant's previous history of criminal convictions or criminal behavior; the offense was committed to gratify the defendant's desire for pleasure or excitement; the defendant employed a firearm, explosive device, or other deadly weapon during the commission of the offense; and the defendant was released on probation at the time of the offense. *See Timothy Ray Azbill,* 2007 WL 4355472, at *6 (finding no error in the court's application of enhancement factors); *and* Tenn. Code Ann. § 40-35-114 (1), (7), (9), and (13). In addition, the trial court found that the defendant had numerous probation violations and applied enhancement factor (8), that the defendant had failed to comply with the conditions of a sentence involving release into the community. *See* Tenn. Code Ann. § 40-35-114 (8). The presentence report reveals a number of probation violations including that in 1993, the defendant absconded after having been placed on probation in Florida for a grand theft conviction. The defendant does not challenge the application of enhancement factors and the record supports the trial court's findings as to enhancement factors.

As to mitigating factors, this court previously recognized that in originally sentencing the defendant, the trial court found a lack of any mitigating factors. *See Timothy Ray Azbill*, 2007 WL 4355472, at *7. On appeal of the original sentence, the defendant did not challenge the trial court's finding regarding a lack of mitigating factors. *See id.* at *3. However, at the resentencing hearing, additional testimony was offered by the defendant and his family members that had not previously been presented to the trial court. The new testimony included that the defendant had demonstrated a protective attitude toward children, the defendant had donated his hair to a charitable organization to benefit cancer patients, and the defendant had grown up in an alcoholic, abusive home. In sentencing the defendant, the court indicated its findings as to applicable factors stating, "I would reiterate the factors . . . considered previously and that apply today although the record did not disturb those findings." The court proceeded to review enhancement factors; however, it did not refer to the evidence presented in support of mitigating factors.

Our statutory language states that upon sentencing a defendant, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114." Tenn. Code Ann. § 40-35-210(b)(5). We agree with the defendant that the trial court failed to indicate consideration of the evidence offered through the testimony of the defendant and his family members. Other than to state that nothing in the record altered the court's

previous findings, the trial court's holding was devoid of any comment or findings regarding the evidence offered at the hearing.

However, despite the trial court's failure to indicate its consideration of evidence presented by the defendant, we conclude that the defendant was appropriately sentenced. The record supports the maximum sentence within the statutory range for the defendant's convictions of rape of a child and especially aggravated kidnapping. *See* Tenn. Code Ann. §§ 40-35-103, -210; *and State v. Taylor*, 63 S.W.3d at 411. The defendant has several probation violations and has demonstrated a disregard for authority, the law, and the terms of previously imposed sentences. The evidence supports that the defendant lacks a potential for rehabilitation. Also, at least one statement by the defendant made at the resentencing hearing is not supported by the record. The defendant claimed that he had not been a "violent inmate," however, the presentence report indicates that while the defendant was incarcerated in Oklahoma, he had numerous prison rule violations including assault of an officer and two violations for possession of a weapon. Furthermore, the state impeached the defendant's testimony that he had only one violent charge with evidence of numerous charges. The defendant admitted that he had previously been charged with attempted rape, aggravated assault, felony escape, aggravated assault, and assault and battery. The presentence report indicates that the defendant has numerous prior convictions including breaking and entering, assault, felony escape, and assault and battery. There is overwhelming evidence to support application of the maximum sentences for the defendant's convictions of rape of a child and especially aggravated kidnapping. Moreover, in our view, the testimony presented at the hearing was insufficient to mitigate the defendant's sentences. Accordingly, we conclude that the defendant's sentences were imposed in compliance with our sentencing guidelines and are adequately supported by the record. The trial court did not abuse its discretion in ordering concurrent sentences of twenty-five years for the defendant's convictions of rape of a child and especially aggravated kidnapping. The defendant is not entitled to relief on this issue.

Conclusion

Based on the foregoing, the judgments of the trial court are affirmed.

_____
J.C. McLIN, JUDGE